JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-04766-RGK (JCGx) | Date | July 27, 2012 |
|---|---|---|---|
| Title | SOUTHSTAR III LLC v. RICARDO SANCHEZ | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| S. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Motion to Remand and Request for Attorneys' Fees and Costs (DE 5)

**I.   INTRODUCTION**

On December 21, 2009, Nationstar Mortgage LLC ("Plaintiff") filed a Complaint against Ricardo Sanchez ("Defendant") in Los Angeles County Superior Court. Plaintiff's Complaint stated a cause of action for unlawful detainer. On May 31, 2012, Defendant, in pro se, removed the action to this Court. Defendant removed on the basis of federal question jurisdiction and diversity of citizenship.

Presently before the Court is Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs. For the reasons set forth below, the Court **GRANTS in part** Plaintiff's Motion.

**II.   FACTUAL BACKGROUND**

On August 7, 2009, Plaintiff purchased a piece of real property ("Property") in which Defendant was residing. On December 21, 2009, Plaintiff filed an unlawful detainer action against Defendant in the Los Angeles County Superior Court in order to recover possession of the Property from Defendant. On October 5, 2010, the court entered Default Judgment against Defendant.

**III.   JUDICIAL STANDARD**

Removal jurisdiction is governed by 28 U.S.C. §§ 1441, *et. seq.* The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that

removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## IV. DISCUSSION

Plaintiff argues that removal was improper because there is no federal subject matter jurisdiction or diversity jurisdiction. Further, Plaintiff moves for an award of attorneys' fees and costs in the amount of $790. The Court will address Plaintiff's arguments in turn.

### A. Federal Question Jurisdiction

Plaintiff argues that removal is improper under 28 U.S.C. § 1331 because Plaintiff's complaint does not raise questions of federal law. The Court agrees.

"District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented *on the face of the plaintiff's complaint. Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff's Complaint raises no federal question. Instead, Plaintiff's Complaint is a discrete action for unlawful detainer, an action which exclusively invokes authority pursuant to California statute. Defendant cannot confer jurisdiction upon the Court by attempting to attach a federal question to his Notice of Removal.

Since the unlawful detainer action does not involve federal law, Defendant's removal based on federal question jurisdiction is improper.

### B. Diversity Jurisdiction

Plaintiff argues that removal is improper under 28 U.S.C. § 1332 because the amount in controversy does not exceed $75,000. The Court agrees.

Diversity jurisdiction under 28 U.S.C. § 1332 requires, among other things, that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. The Complaint for unlawful detainer indicates on its face that the amount in controversy *does not exceed $10,000*. Therefore, Defendant's removal based on diversity jurisdiction is also improper.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Remand. Plaintiff's request for attorneys' fees and costs is **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer